UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-30029-RWZ

CONCHETTA M. VUMBACO

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration

MEMORANDUM OF DECISION

May 22, 2013

ZOBEL, D.J.

Plaintiff Conchetta M. Vumbaco brought this suit under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) to review a final decision by the Commissioner of the Social Security Administration, Michael J. Astrue, denying her supplemental security income and disability insurance benefits. Vumbaco now moves for judgment on the pleadings, and the Commissioner moves in turn for an order affirming his decision.

## I. Legal Standard

Judicial review of the Commissioner's decision is limited to two questions: "whether the final decision is supported by substantial evidence and whether the correct legal standard was used." Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); see 42 U.S.C. § 405(g). Under the substantial evidence standard, the court must uphold any decision adequately supported by evidence in the record, even if that same record could also justify a different conclusion. Rodriguez Pagan v. Sec'y of Health &

Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

## II. Analysis

Vumbaco originally filed for disability benefits in 2006; after several rounds of agency review, her claim was finally denied in 2008. She then filed this suit in 2009. A few months later, her case was remanded by consent of the parties for further agency review. In 2010, her claim was heard by an Administrative Law Judge ("ALJ"), who issued a decision denying her benefits. The ALJ's decision was affirmed by the Decision Review Board, and so reflects the Commissioner's final decision.

The ALJ followed the familiar five-step process laid out in 20 C.F.R. § 404.1520 (disability benefits) and 20 C.F.R. § 416.920 (supplemental security income) to determine whether Vumbaco was disabled between January 1, 2006 and April 9, 2010. See Docket # 13 (R.) at 14-15. Vumbaco does not challenge the legal standard that the ALJ applied; she challenges only the ALJ's determination at step five that there exist jobs in significant numbers in the national economy that she could perform. Specifically, she argues that the ALJ erred by affording insufficient weight to a psychiatric assessment she received in 2008 ("the Smith assessment"). According to Vumbaco, that assessment is entitled to controlling weight, and it determinatively shows that her bipolar disorder makes her incapable of performing any job available in significant numbers.

A medical opinion by a treating physician on the nature and severity of a patient's impairments may be entitled to controlling weight. 20 C.F.R. §

404.1527(c)(2).[1] However, the ALJ is not required to give a treating source's opinion controlling weight if it finds that opinion is "inconsistent with the other substantial evidence in [the] record." Id.; see Green v. Astrue, 588 F. Supp. 2d 147, 154 (D. Mass. 2008). The ALJ must give "good reasons" for rejecting the treating source's opinion. 20 C.F.R. § 404.1527(c)(2).

The Smith assessment found that Vumbaco's bipolar disorder caused her marked restriction of her daily activities, along with extreme difficulties in maintaining social functioning and maintaining concentration, persistence, and pace. R. at 469. It further indicated that Vumbaco showed a "complete inability to function independently" outside her home, and that she would be required to miss work more than four days per month due to her impairment or her treatment. Id. at 470.

The ALJ partially rejected the Smith assessment, finding it inconsistent with other evidence in the record. As to Vumbaco's daily living activities, the ALJ found that she experienced only mild rather than marked restriction. Id. at 19. He based that finding on her testimony at the hearing that she was able to cook, clean, do chores, and take care of her young children while her fiancé worked full-time. See id. at 37, 39. He also noted that she was apparently able to pay her bills, keep to a budget, and use a computer. Id. at 19; see id. at 472-73, 475.

---

[1] It is not clear whether the Smith assessment qualifies as a "medical opinion," since the regulations limit that term to "statements from physicians and psychologists or other acceptable medical sources." 20 C.F.R. § 404.1527(a)(2). The Smith assessment was performed by Vumbaco's therapist, Christian Smith, a licensed clinical social worker; it was also co-signed by a Dr. Mary Barkalow, but it is unclear whether Dr. Barkalow treated Vumbaco. R. at 18. In any event, for the reasons described below, the ALJ was not required to give it controlling weight.

As to Vumbaco's social functioning, the ALJ found that she had only moderate rather than extreme difficulties. That finding was based on record evidence that Vumbaco had developed a "network of supportive friends" during her treatment. Id. at 19; see id. at 475. The ALJ also took account of Vumbaco's testimony at the hearing that she "gets along with" her family. Id. at 19; see id. at 36.

Finally, the ALJ found that Vumbaco suffered only moderate rather than severe difficulties in concentration, persistence, and pace. In support, he cited other medical records stating that she showed "organized" thought processes in clinical interviews. Id. at 19; see also id. at 402. The ALJ also noted again the evidence showing that Vumbaco's daily life activities were not markedly impaired.

In explaining why he partially rejected the Smith assessment, ALJ described several internal inconsistencies in that report. See id. at 18-19. For example, despite its generally negative appraisal, the Smith assessment indicates that Vumbaco "has made progress with impulse control" and is showing "more responsible behavior," with a "fair" outlook. Id. at 467. It also gives her a score of 57 on the Global Assessment of Functioning (GAF) test, which indicates only moderate symptoms or moderate difficulty in functioning. Id. at 16 n.1; see id. at 467. The ALJ found these observations inconsistent with the Smith assessment's diagnosis that Vumbaco was too impaired to function in a work environment.

The ALJ also found that the Smith assessment was inconsistent with the psychiatric assessment of the state agency's medical consultant, Dr. Ginette Langer. Id. at 20. Dr. Langer, who assessed Vumbaco in 2007, found that she showed no more

than moderate difficulties in any of the areas described above. Id. at 432.[2]

As the description above makes clear, the ALJ gave detailed reasons for partially rejecting the Smith assessment as inconsistent with other evidence in the record. Although Vumbaco correctly points out that some evidence in the record supports the Smith assessment, there is substantial other evidence (as described above) that contradicts it. After reviewing the evidence cited by the ALJ, I am persuaded that he was not required to give the Smith assessment controlling weight.

The ALJ concluded that Vumbaco could perform jobs "involving simple routine, repetitive tasks with short simple instructions and few workplace changes, occasional interaction with supervisors, occasional superficial interaction with coworkers and none with the public." Id. at 20. He implicitly rejected the Smith assessment's conclusions that she could not function independently outside her home and that she would be absent from work more than four days per month. Based on his findings, the ALJ determined that there were jobs available in significant numbers in the national economy that Vumbaco could perform; he cited occupations such as packing light items, cleaning offices, or operating machines. Id. at 23. That conclusion is founded on substantial evidence in the record, and so I must affirm it. Rodriguez Pagan, 819 F.2d at 3.

**III. Conclusion**

---

[2] Vumbaco does not argue that the ALJ erred by failing to consider the possibility that she was disabled for only part of the time period specified (for example, from January 1, 2006 through January 1, 2008). Even if she raised that argument, the medical records on which the ALJ relied—such as Dr. Langer's assessment—provide substantial evidence that Vumbaco was not disabled during any part of the period for which she seeks benefits.

Vumbaco suffers from serious psychiatric illness. But the ALJ's decision that she is not entitled to the support she seeks is based on substantial evidence.

Vumbaco's motion for judgment on the pleadings (Docket # 14) is DENIED. The Commissioner's motion for an order affirming his decision (Docket # 16) is ALLOWED. Judgment shall enter accordingly.


      May 13, 2013                                 /s/Rya W. Zobel

          DATE                                      RYA W. ZOBEL
                                                   UNITED STATES DISTRICT JUDGE